UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

DOCKET NO. 05-40038

CAROL FILER,
Plaintiff

v.

PFG OF MINNESOTA, INC.,
Defendant

# DEFENDANT PFG OF MINNESOTA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION FOR ATTORNEY FEES AND COSTS

## INTRODUCTION

On March 1, 2005, the plaintiff Carol Filer ("plaintiff") commenced this action against PFG of Minnesota, Inc. ("PFG"). The plaintiff asserted claims alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*. The plaintiff claims to have alleged a violation of state law, but the Complaint is void of any reference thereto. See *Pl. Compl.* at 1 ("and state law"). However, PFG submits this Memorandum seeking full dismissal of any and all claims alleged by the plaintiff.[1]

The plaintiff cannot recover as a matter of law on her claims under the FDCPA because the facts she alleges do not constitute violations of federal or state law. Accordingly, PFG submits this Memorandum in support of its motion to dismiss plaintiff's claims against it in their entirety. In addition, PFG contends that this claim was brought in bad faith and for the purposes

---

[1] Plaintiff's counsel typically responds to motions to dismiss with an amended complaint.

ID # 426978v01/14474-2/ 04.05.2005

of harassment, thus entitling PFG to an award of attorney fees pursuant to 15 U.S.C. § 1692k(a)(3).

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The plaintiff failed to make payments on an account she had with Bedford Fair ("Account"). The Account was then placed with two agencies for collections. On August 3, 2004, the Account was placed with PFG for tertiary, or third placement, collections. Although not contained within the Complaint, these few background facts are helpful for a complete understanding of this Memorandum.

On or about August 5, 2004, PFG sent a notice to plaintiff, notifying her that the Account had been received by PFG for collection and to contact their office to resolve the account ("Communication"). *Pl. Compl.* at 8 and Exhibit B. The Communication stated the amount owing, identified the creditor, and provided PFG's contact information. The Communication also notified plaintiff of a time window within which she could dispute the debt and question its validity. *See id.* Instead of presenting such a dispute in writing, the plaintiff commenced this litigation, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. against PFG.

## LEGAL STANDARD

Prior to pleading, a party may file a motion to dismiss for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b). When considering a motion to dismiss for failure to state a claim, the Court must read the complaint liberally, granting the motion where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss for failure to state a claim, the Court should "assume the truth of all well-

pleaded facts and indulge all reasonable inferences therefrom that fit the plaintiff's stated theory of liability." *Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13 (1st Cir. 1999) (citing to *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). In that process, however, no weight should be given to "bald assertions, unsupportable conclusions, and opprobrious epithets." *Chongris v. Bd. of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987).

If, on a motion to dismiss for failure to state a claim, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. Fed. R. Civ. P. 12(b). Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In order for the moving party to prevail under these circumstances, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c).

## LEGAL ARGUMENT

### I. Plaintiff's FDCPA Claim Against PFG Must Be Dismissed.

#### A. The Communication Regarding the Amount of Debt is Clear.

Under the FDCPA, a statute designed to curb aggressive debt-collection practices, any dunning letter by a debt collector must state "the amount of the debt" that he is trying to collect. §1692g(a)(1); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000). In interpreting whether a communication to a debtor is clear for the purposes of the FDCPA, courts view the communication through the eyes of the least

sophisticated debtor. *See Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993). In its Communication with the plaintiff, PFG clearly stated the debt owing in this matter. In fact, the plaintiff does not dispute that PFG spelled out the amount. Rather, the plaintiff makes a feeble claim that the Communication does not state the amount of the debt because it contains the phrase "Total may include other debts not listed here"; this claim turns the plain language in the Communication on its head. It is important to note what the Communication does not say. It does not say that the total reported in the Communication will change. It states a fixed amount of debt, provides a time in which the debtor can dispute its origin and validity, and offers an avenue to settle the outstanding debt.

Undeniably, where the listed debt(s) add up to the total amount owing, even the least sophisticated consumer can ascertain what amount is due. It is incredible to argue that a debtor, having received a notice containing the following, could possibly not understand the amount due and owing:

| Creditor | Account# | Principal | Interest | Cost |
|---|---|---|---|---|
| Bedford Fair – Tert | 703731737 | 424.62 | 0.00 | 0.00 |
| | | | Total: | $424.62* |

*Total May Include Other Debts Not Listed Here

*Pl. Compl.* Exhibit A. Using simple reasoning, the following must certainly flow from the contents of the collection notice: (1) the Creditor is Bedford Fair, (2) the account number is 703731737, (3) the principal is $424.62, (4) there are no other charges, (5) the total owing is $424.62, and (6) as the amount listed as principal for the account referenced is the same as the total, then no other debts are included in the amount set forth. Despite this, the plaintiff asks the Court to find this language confusing.

FDCPA jurisprudence is concerned with a debtor not being able to see what amount in owed because of constantly accruing interest. *See, e.g., Chuway v. National Action Financial Services, Inc.*, 362 F.3d 944 (7th Cir. 2004). The Communication at issue here makes that point very clear for the plaintiff. She owed the amount the Communication stated, and the $0.00 balance in the interest portion reflected the fact that no interest was accruing on the account. The Communication was not only clear, it was simple to follow.

Plaintiff, whether intentionally or through attorney error, has puffed up her weak claim by clearly and boldly misrepresenting the collection notice attached to her Complaint as Exhibit A. Plaintiff alleges that "Exhibit A describes the debt as 'Bedford Fair – Tert', states that the addressee owes $424.62 principal and $0.00 interest, and that the $462.62 [*sic*] total 'may include other debts not listed here.'" *Pl. Compl.* at 14. However, Exhibit A does not list $462.62 as an amount owing.

The assertion that the debt is characterized as principal and has no interest component is also immaterial to the clarity of the amount owed. Again, the total amount owed is displayed prominently and consistently within several places on the Communication. When sending out the Communication, PFG relied on statements from the underlying creditor, Bedford Fair, which set forth that the balance was made up entirely of principal. There is nothing confusing or misleading about the Communication in this, or any, respect. In fact, the Communication is laid out in such a manner as to assist the debtor in ascertaining what is owed and what must be done to resolve the debt.

The Seventh Circuit has taken the view that, in order to prove that a communication is unclear to an unsophisticated consumer, a plaintiff must present objective evidence of confusion. such as the results of a consumer survey. *See Taylor v. Cavalry Investment, LLC*, 365 F.3d 572,

ID # 426978v01/14474-2/ 04.05.2005

5

(7th Cir. 2004); *Pettit Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1061-62 (7th Cir. 2000); *see also Ezell v. Sherman Acquisition II, LP* Case No. 04-72119 (ED Mich. 2005) (citing to *Chuway v. Nat'l Action Financial Services*, 362 F.3d 944 (7th Cir. 2004))[2]. No such evidence was presented here. It is not enough to make bald assertions in pleadings that a communication is misleading. The reality must match the allegation. As Judge Posner stated, "[i]f it is apparent from a reading of the letter that not even 'a significant fraction of the population' would be misled by it—if as in *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000), the interpretation attested to by the plaintiff is a 'fantastic conjecture'—the court should reject it without requiring evidence beyond the letter itself." *Taylor*, 365 F.3d at 574-75 (internal citations omitted). Notwithstanding the plaintiff's wild and overreaching assertions, the Communication is clear about both the amount owed and the creditor with whom the debt originated. Even the least sophisticated consumer could ascertain from the Communication at issue here that plaintiff owed $424.62 (and only $424.62) as a result of her delinquency in making timely payments to Bedford Fair.

In addition, plaintiff claims that "[o]n information and belief, the statement in Exhibit A that the debt consists of $424.62 and no interest is inaccurate." *Pl. Compl.* at 17. However, plaintiff has no grounds or facts to support this position, but simply makes an unsupported claim in an attempt to create a cause of action. Indeed, statements made "upon information and belief" are not to be relied upon. *See Griggs-Ryan v. Smith*, 904 F.2d 17-118 (1st Cir. 1990).

Accordingly, plaintiff's complaint should be dismissed with prejudice.

---

[2] On reconsideration, the *Ezell* Court vacated its dismissal of the case, as the plaintiff in *Ezell* had filed an Amended Complaint after the defendant had filed its summary judgment motion. However, the Court's Order remained valid as to the original claim set forth in the original Complaint. Thus, the underlying Order is still 'good law' and is persuasive in the instant matter.

### B.     The Communication Regarding the Creditor is Clear.

In addition to setting forth the amount owing, the Communication also, in accordance with the FDCPA, spelled out the creditor with whom the debt came into existence. The FDCPA requires that, in its communications with a debtor, a collection agency must "name the creditor to whom the debt is owed." 15 U.S.C. §1692g(a)(2). In this matter, PFG did just that. It listed that Bedford Fair was the creditor that turned this matter over to PFG for collection. In making its frivolous claim against PFG, plaintiff asserts that the statement, "Total may include other debts not listed here" is misleading because it does not list all creditors with whom the debt originated. However, in this matter, it is clear that the number given for the total debt owed is the same as the number in the listing of the creditors and the corresponding debt. Therefore, it is clear that this collection Communication lists all of the relevant creditors: Bedford Fair. Bedford Fair is listed as a creditor originating a debt of $424.62 and the total debt owed is $424.62. Therefore, even the least sophisticated consumer can see that the only creditor that originated the debt is question is Bedford Fair. As the Seventh Circuit has noted, "[i]t is impossible to draft a letter that is certain to be understood by every person who receives it; only if it would confuse a significant fraction of persons to whom it is directed will the defendant be liable." *Chuway*, 362 F.3d at 948.

Being familiar with the plaintiff's counsel's tactics, PFG has reason to believe that the plaintiff will respond to this motion arguing that "Bedford Fair" does not adequately set forth the original creditor's name because there may be multiple companies that have "Bedford Fair" in their name or that the use of "Bedford Fair – Tert" is somehow likely to confuse plaintiff.[3] As

---

[3] This belief is based upon a similar action by plaintiff's Chicago counsel, in which it is argued that "Jefferson Capital/Fingerhut" did not adequately set forth the creditor's name. *See Hernandez v. PFG of Minnesota, Inc.*, 04-C-6998, (N.D. ILL.)

set forth above, "Tert" refers to the fact that the account was a tertiary placement, meaning that Bedford Fair had placed the account with two other agencies prior to placing the account with PFG.

Thus, the issue in the underlying action is whether the least sophisticated consumer, after purchasing product from Bedford Fair, would not understand that the account in question was a Bedford Fair account after viewing the account number, balance and creditor name of "Bedford Fair – Tert". The obvious answer is no. The facts are well known to the plaintiff and her counsel. PFG's letter is not confusing or misleading in light of the fact that Bedford Fair is clearly set forth on the Communication. A "fantastic conjecture" by the plaintiffs' counsel is insufficient to state a claim (*Tayler v. Cavalry Investment, LLC.* 365 F.3d 572, 574-575), as even "an unsophisticated consumer, [is] able to make "basic logical deductions and inferences" and to not interpret collection letters "in a bizarre or idiosyncratic fashion," as alleged by the plaintiff and her counsel in the present matter. *Olson v. Risk Management Alternatives, Inc.* 366 F. 3d 509, 513 (7th Cir. 2004). PFG invites the plaintiff to provide evidence, not mere conjecture, in support of her claim.

There is no phantom creditor out there that the plaintiff does not know. This is the same entity that had attempted, and failed, to collect from her on its own behalf. The plaintiff knew of this entity well and PFG displayed its identity clearly and prominently within the Communication.

Accordingly, the plaintiff's Complaint should be dismissed with prejudice.

## II.    Defendant PFG Is Entitled To Attorney's Fees From the Plaintiff.

The FDCPA provides redress for defendants in actions in which the plaintiff has failed to use good faith in the bringing of his/her claims. "On a finding by the court that an action under

this section was brought in bad faith and for the purposes of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). In such cases, the Court may award the defendant reasonable attorney fees and costs incurred. *Id.* Thus, upon a dismissal of the plaintiff's claims, the defendant PFG respectfully requests that the Court finds that the plaintiff brought her claims in bad faith or for the purpose of harassment.

As set forth above, PFG's Communication clearly set forth the amount of the debt and the name of the creditor. Nonetheless, the plaintiff commenced this action against PFG and even agreed to do so on behalf of a putative class. The FDCPA was enacted to curb abusive collectors, not to create a windfall for class action attorneys and their clients who are willing to bring actions based upon a creative misreading of collection notices. The complete lack of merit in the present matter is nothing less than bad faith and harassment. Accordingly, PFG requests that it be awarded its attorney fees and costs incurred to date.

## CONCLUSION

As all of the plaintiff's claims fail, the defendant PFG respectfully requests that all of the claims brought against it be dismissed without prejudice, in their entirety, or alternatively, that summary judgment be granted in its favor.

PFG OF MINNESOTA, INC.,
By its attorney,

*/s/ Steven S. Broadley*

Steven S. Broadley, BBO #542305
Posternak Blankstein & Lund, LLP
Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199-8004
617-973-6100

Of Counsel:

Michael S. Poncin, Esquire
Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402
612-347-0290

## CERTIFICATE OF SERVICE

I, Steven S. Broadley, Esquire of Posternak, Blankstein & Lund, LLP, hereby certify that on this ⎵ day of April, 2005, I caused a copy of the above **Defendant PFG Of Minnesota, Inc.'S Memorandum Of Law In Support Of Its Motion To Dismiss And Motion For Attorney Fees And Costs** to be **mailed** to:

Daniel A. Edelman, Esquire
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL  60603-3403

Christopher M. Lefebvre, Esquire
Law Offices of Claude Lefebvre & Sons
Two Dexter Street
Pawtucket, RI  02860

Michael S. Poncin, Esquire
Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402

_____
Steven S. Broadley