**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

| | | |
|---|---|---|
| CAROL FILER, | ) | |
| | ) | |
| Plaintiff, | ) | 05-40038 |
| | ) | |
| vs. | ) | |
| | ) | |
| PFG OF MINNESOTA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Carol Filer brings this action to secure redress from unlawful credit and collection practices engaged in by defendant PFG of Minnesota, Inc.. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

**VENUE AND JURISDICTION**

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

3. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant does business within this District.

**PARTIES**

4. Plaintiff Carol Filer is an individual who resides in Southbridge, MA.

5. Defendant PFG of Minnesota, Inc. is an Minnesota corporation. Its principal

place of business is located at 7825 Washington Avenue South, Suite 410, Minneapolis, MN 55439. It has offices at 49 Winter Street, Weymouth, MA 02188.

6. PFG of Minnesota, Inc. is engaged in the business of a collection agency, collecting debts originally owed to others.

7. PFG of Minnesota, Inc. is a debt collector as defined in the FDCPA.

**FACTS**

8. On or about August 5, 2004, PFG of Minnesota, Inc. sent plaintiff Carol Filer the collection letter attached as Exhibit A.

9. The letter sought to collect an alleged defaulted credit card debt incurred for personal, family or household purposes.

10. Exhibit A was the initial letter plaintiff received from defendant regarding the debts described therein.

11. On information and belief, Exhibit A was the initial letter defendant sent plaintiff regarding the debt described therein.

12. On information and belief, Exhibit A represents a form letter intended for use by PFG of Minnesota, Inc. as the initial letter it sends to a consumer.

**COUNT I -- FDCPA**

13. Plaintiff incorporates paragraphs 1-12.

14. Exhibit A describes the creditor(s) as "Bedford Fair - Tert", states that the consumer owes $424.62 principal and $0.00 interest, and that the $424.62 total "may include other debts not listed here." (Both numbers are $424.62; there was a typographical error in the original complaint.)

15. The "validation notice" section of the FDCPA, 15 U.S.C. §1692g, provides:

**§ 1692g.    Validation of debts [Section 809 of P.L.]**

**Notice of debt; contents**

**(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–**

**(1)    the amount of the debt;**

**(2)    the name of the creditor to whom the debt is owed; . . .**

16. <u>Exhibit A</u> fails to comply with these requirements. A statement of "Bedford Fair - Tert" and an amount coupled with the statement "May include other debts not listed here" does not state the "amount of the debt" or reasonably identify the creditor or creditors to whom the debt is allegedly owed, and is confusing.

17. On information and belief, based on defendant's statements, "Tert" is an internal designation or code used by defendant. Its meaning is not within the knowledge of the "least sophisticated consumer."

18. The identification of the creditor and amount of the debt therefore violates 15 U.S.C. §§1692e and 1692g.

19. On information and belief, the statement in <u>Exhibit A</u> that the debt includes zero interest is inaccurate. Credit card debts are not charged off unless they are at least 30 days past due. Any charged off credit card debt necessarily includes interest.

20.  The misstatement described above violates the FDCPA as constituting a "false, deceptive, or misleading representation or means in connection with the collection of any

debt" (§1692e), a false representation of the "character" of any debt (§1692e(2)(A)), and "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" (§1692e(10)). "It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably assess the validity of the debt." Fields v. Wilber Law Firm, 383 F.3d 562 (7th Cir. 2004).

21.     This FDCPA count is similar to that held to state a claim in Hernandez v. PFG, 04 C 6998 (N.D.Ill., Apr. 1, 2005).

22.     After being placed on notice of the problems with its letter, defendant modified the form to remove the "May include other debts not listed here" language.

## CLASS ALLEGATIONS

23.     Plaintiff brings this claim on behalf of three classes, designated A-C.

24.     Class A consists of (a) all natural persons with Massachusetts addresses (b) to whom defendant sent a letter (c) that refers to the creditor as "Bedford Fair -- Tert" (d) which letter was sent on or after a date one year prior to the filing of this action (e) and less than 20 days after the filing of this action.

25.     Class B consists of (a) all natural persons with Massachusetts addresses (b) to whom defendant sent a letter (c) containing the statement, "total may include other debts not listed here," (d) which letter was sent on or after a date one year prior to the filing of this action and (e) less than 20 days after the filing of this action.

26.     Class C consists of (a) all natural persons with Massachusetts addresses (b) to whom defendant sent a letter (c) that lists as "interest" an amount less than the unpaid finance charges imposed on the account, (d) which letter was sent on or after a date one year prior to the

filing of this action, (e) and less than 20 days after the filing of this action.

27. Each class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of each class.

28. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA for any of the reasons stated.

29. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

30. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

31. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    a. Statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. Such other or further relief as the Court deems proper.

## COUNT II – CH. 93A

32. Plaintiff incorporates paragraphs 1-12 and 14-22.

33. The violations of the FDCPA set forth above also constitute violations of

Mass.G.L., ch. 93A.  Barnes v. Fleet Nat'l Bank, N.A., 370 F.3d 164, 170 (1st Cir. 2004).

## CLASS ALLEGATIONS

34. Plaintiff brings this claim on behalf of three classes, designated A-C.

35. Class A consists of (a) all natural persons with Massachusetts addresses (b) to whom defendant sent a letter (c) that refers to the creditor as "Bedford Fair -- Tert" (d) which letter was sent on or after a date 4 years prior to the filing of this action (e) and less than 20 days after the filing of this action.

36. Class B consists of (a) all natural persons with Massachusetts addresses (b) to whom defendant sent a letter (c) containing the statement, "total may include other debts not listed here," (d) which letter was sent on or after a date 4 years prior to the filing of this action and (e) less than 20 days after the filing of this action.

37. Class C consists of (a) all natural persons with Massachusetts addresses (b) to whom defendant sent a letter (c) that lists as "interest" an amount less than the unpaid finance charges imposed on the account, (d) which letter was sent on or after a date 4 years prior to the filing of this action, (e) and less than 20 days after the filing of this action.

38. Each class is so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of each class.

39. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA and, therefore, ch. 93A, for any of the reasons stated.

40. Plaintiff's claim is typical of the claims of the class members.  All are based

on the same factual and legal theories.

  41.  Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

  42.  A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

  WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    a. Statutory damages of $25 per letter;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. Such other or further relief as the Court deems proper.

            Respectfully submitted,

              s/ Daniel A. Edelman  
            Daniel A. Edelman  
            Cathleen M. Combs  
            James O. Latturner  
            Francis R. Greene  
            EDELMAN, COMBS, LATTURNER  
              & GOODWIN, LLC  
            120 S. LaSalle St., Suite 1800  
            Chicago, IL 60603  
            (312) 739-4200  
            (312) 419-0379 (FAX)

              s/ Christopher M. Lefebvre  
            Christopher M. Lefebvre  
            LAW OFFICES OF CLAUDE  
              LEFEBVRE & SONS  
            Two Dexter Street

                    Pawtucket, RI  02860
                    (401) 728-6060
                    (401) 728-6534 (FAX)
                    B.B.O. # 629056

## **JURY DEMAND**

Plaintiff demands trial by jury.

                    <u>  s/ Daniel A. Edelman  </u>
                    Daniel A. Edelman

J:\case\pfg-filer13.157\pleading\amcmplt.wpd

**CERTIFICATE OF SERVICE**

        I, Daniel A. Edelman, hereby certify that on April 8, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Steven S. Broadley, sbroadley@pbl.com.

        s/ Daniel A. Edelman
Daniel A. Edelman
Attorney for Plaintiff (00712094)
EDELMAN, COMBS, LATTURNER
       & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603
(312) 739-4200
(312) 917-0379 (FAX)
dedelman@edcombs.com

# EXHIBIT A



**PFG OF MINNESOTA**
7825 Washington Ave S Ste 410
Minneapolis MN 55439-2409
ADDRESS SERVICE REQUESTED

*Collector # 1-877-478-3492*

August 5, 2004

PFG OF MINNESOTA
7825 Washington Ave S Ste 410
Minneapolis MN 55439-2409

#BWNDLHV  162766   10763
#Z34766/8#   Z34766-A

CAROL FILER
103 Charlton St
Southbridge MA 01550-1913



MEMBER

Reference #:  Z34766
Total Due:    $424.62*
*Total May Include Other Debts Not Listed Here

**ACA**
INTERNATIONAL
The Association of Credit
and Collection Professionals

   

**CHECK BY PHONE**
IS ACCEPTED



**YOUR ACCOUNT HAS BEEN RECEIVED FOR COLLECTION**

| Creditor | Account # | Principal | Interest | Cost |
|---|---|---|---|---|
| BEDFORD FAIR- TERT | 703731737 | 424.62 | 0.00 | 0.00 |

Total: $424.62*

*Total May Include Other Debts Not Listed Here

Your account has been assigned to this agency for collection. Please contact our office to resolve this account.

Sincerely,
*PFG of Minnesota*
1-877-478-3492

**Important Information**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This letter is an attempt to collect a debt, and any information obtained will be used for that purpose. This communication is from a debt collector. This collection agency is licensed by the State of Minnesota Department of Commerce.

ICSPINN01A

49 Winter Street ♦ Weymouth MA 02188 ♦ Hours of Operation: Monday - Thursday 9a.m. to 5p.m. Eastern

